IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-541-JFH |
| YAKIR YAKOV ZOFI, | |
| Defendant. | |

**OPINION AND ORDER**

Before the Court is an Unopposed Motion to Accelerate Sentencing ("Motion") filed by Defendant Yakir Yakov Zofi ("Defendant"). Dkt. No. 59. Defendant states that the United States of America ("Government") does not object. *Id*. at 2. On July 8, 2022, Defendant pled guilty to one count of Aggravated Sexual Abuse by Force and Threat in Indian Country, in violation of 18 U.S.C. §§ 1151, 1152, and 2241(a). *See* Dkt. No. 52. Defendant is currently set for sentencing hearing on September 28, 2023. Dkt. No. 57.

Defendant requests his sentencing hearing be accelerated. Dkt. No. 59. He states that the parties entered a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that the Presentence Investigation Report ("PSR") has been disclosed, and that Defendant has no objections to the PSR. *Id.* at 1-2. Therefore, Defendant estimates that the sentencing hearing "will not exceed 15 minutes." *Id*. at 2. Defendant explains that his counsel is "a candidate for the State of Texas Representative District 2, which is being voted on in a special called state election in early November and will require multiple visits to counties within District 2 and travel to the capital, Austin, Texas, leading up to the election." *Id*. Defendant requests that his sentencing hearing "be moved up to August 2023 so as to not be interrupted by the special called election." Dkt. No. 59 at 2.

Acceptance of 11(c)(1)(C) plea agreements is not a matter of right, and the Court has not yet accepted the parties' plea agreement. Moreover, the stipulated sentence requires a downward departure of seven (7) levels. Under USSG §§5K2.0 and comment (n.5) and 6B1.2(c), where a plea agreement includes a specific sentence pursuant to Rule 11(c)(1)(C), the Court may accept the agreement if the Court is satisfied either that (a) the agreed sentence is within the applicable guideline range, which it is not in this case; or (b) the agreed sentence is outside the applicable guideline range for justifiable reasons and those reasons are set forth with specificity. ***Neither party has yet provided justifiable reasons for the Court to accept the outside-guideline plea agreement***.

Because of the unprecedented criminal caseloads resulting from the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020), the current average time between a change of plea and sentencing in this District is longer than anyone—litigants, attorneys, or the Court—would prefer. While the Court is mindful of its overburdened docket, it nonetheless takes every sentencing decision very seriously. While Defendant estimates that his sentencing hearing will "not exceed 15 minutes," Defendant fails to account for the time it takes the Court to prepare for each sentencing hearing, all while maintaining its full multi-district caseload. While defense counsel may find it inconvenient to attend a sentencing hearing in the middle of his campaign trail, the Court's schedule remains relatively inflexible. Yet, if Defendant would like the Court to consider a sentencing date beyond counsel's special election date, the Court would be amenable to such a request. However, the parties should be aware that, due to its overburdened caseload, sentencings are currently being set on November 29, 2023 and thereafter.

IT IS THEREFORE ORDERED that Defendant's Unopposed Motion to Accelerate Sentencing [Dkt. No. 59] is DENIED.

Dated this 29th day of June 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE